**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHELDON B. WALKER, | No. 18-16120 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-02554-DJH-JZB |
| v. | |
| CHARLES L. RYAN, Warden; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted February 19, 2019**

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Arizona state prisoner Sheldon B. Walker appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging violations of the

First Amendment and the Religious Land Use and Institutionalized Persons Act

("RLUIPA").  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Shakur v. Schriro*, 514 F.3d 878, 883 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment on Walker's RLUIPA claim based on the denial of a kemetic diet because Walker failed to raise a genuine dispute of material fact as to whether providing him with a vegan rather than kemetic diet was not the least restrictive means of furthering a compelling government interest. *See Greene v. Solano Cty. Jail*, 513 F.3d 982, 986-90 (9th Cir. 2008) (setting forth RLUIPA standard and explaining that defendants must show that less restrictive measures were actually considered); *see also Cutter v. Wilkinson*, 544 U.S. 709, 723 (2005) (acknowledging prison administrators' interest in "maintain[ing] good order, security and discipline, consistent with consideration of costs and limited resources" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Walker's First Amendment free exercise claim based on the denial of a kemetic diet because Walker failed to raise a genuine dispute of material fact as to whether such denial was not reasonably related to a legitimate penological interest. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) (a prison regulation that "impinges on inmates' constitutional rights" is valid "if it is reasonably related to legitimate penological

interests”).

**AFFIRMED.**